UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LINDA F. WILLIAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 05-31-P-S |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER GRANTING THE MOTION TO RE-OPEN
AND RECOMMENDED DECISION ON THE SECTION 2255 MOTION**

Through an inadvertent filing by petitioner Linda Williams's then counsel, this case was closed by the clerk on March 22, 2005. Williams has now filed a pro se motion requesting leave to reopen the case. (Docket No. 7.) I now direct that Roger Wareham's appearance be withdrawn from this case and I **GRANT** Williams's motion to reopen the case. Williams's underlying petition brought pursuant to 28 U.S.C. § 2255, timely filed with the court on February 22, 2005, within one year of her February 23, 2004, conviction, asks only that she be resentenced as a result of the Supreme Court's United States v. Booker, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005) decision. For the reasons set forth below, I recommend that the court **DENY** the motion.

There is no dispute in this district that § 2255 Booker relief is not available to cases that have finished or forgone the direct appeals process. See Violette v. United States, __ F. Supp. 2d. __, __, 2005 WL 824156, *3 (D. Me. Apr. 8, 2005) (Singal, C.J.); May v. United States, __ F. Supp. 2d __, __, 2005 WL 839101, *1 (D. Me. Apr. 8, 2005) (Hornby, J.); Gerrish v. United States, 353 F. Supp. 2d 95 (D. Me. 2005) (same); Suveges

v. United States, Civ. No. 05-18-P-C, 2005 WL 226221, *1 (D.Me. Jan 28, 2005) (Kravchuk, Mag. J.) affirmed Order Adopting Report and Recommended Decision, Feb. 21, 2005 (Docket No. 5) (Carter, J.); Quirion v. United States, Civ. No. 05-06-B-W, 2005 WL 83832, 3 (D.Me. Jan. 14, 2005) (Kravchuk, Mag. J.) affirmed Civ. No. 05-06 – B-W, 2005 WL 226223 (D. Me. Feb. 1, 2005) (Woodcock, J.). The First Circuit now has precedent that supports this non-retroactivity determination apropos Booker claims. See United States v. Fraser, __ F.3d __, __, 2005 WL 1090138, *2 (1st Cir. May, 10, 2005) ("This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive," citing Cirilo-Muñoz); Cirilo-Muñoz v. United States, 404 F.3d 527, 532-33 (1st Cir.2005) (recognizing a consensus that Booker is not retroactive to cases no longer in the direct appeal pipeline). And, to date, at least four Circuit Courts of Appeal have considered and answered the question in published opinions and the four are unanimous in concluding that Booker does not apply retroactively to cases so postured. See Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); see also United States v. Leonard, 2005 WL 139183, at *2 (10th Cir. Jan.24, 2005) (unpublished opinion on motion to review sentence).

## Conclusion

Based upon the foregoing, I recommend that the court **DENY** Williams 28 U.S.C. § 2255 petition.

## NOTICE

       A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                            /s/Margaret J. Kravchuk
                                            U.S. Magistrate Judge

Dated May 13, 2005